VAN SYCKEL v. REGISTRADOR DE LA PROPIEDAD.

APELACIÓN procedente del Tribunal de Distrito de San Juan.

No. 1.—Resuelto en Diciembre 9, 1899.

CONTRATOS DE ARRENDAMIENTOS.—Los contratos de arrendamiento de bienes inmuebles en que quede al arbitrio del arrendatario hacerlo durar por un término que por lo menos exceda de seis años, son inscribibles en el Registro de la Propiedad.

ID.—En los arrendamientos de prédio rústico por tiempo indefinido, el arrendador puede dar por terminado el arriendo y reclamar la entrega de su finca, verificada que sea la recolección de los frutos que la finca arrendada diere en un año, ó pueda dar por una vez.

ID.—Los contratos de arrendamiento de prédio rústico por tiempo indefinido no pueden confundirse con los de arrendamiento por un período que exceda de 6 años, á los efectos de su inscripción en el Registro de la Propiedad.

DEFECTO SUBSANABLE.—Es defecto subsanable la falta de descripción de la finca arrendada en la escritura de arrendamiento, y los Registradores deben tomar anotación preventiva de suspensión, á solicitud de los interesados, para subsanar el defecto dentro del término legal.

GRAVÁMEN INOFICIOSO.—La condición impuesta al arrendador de una finca por un período mayor de 6 años, de no enagenar, ni hipotecar, por segunda ó tercera vez, la misma finca, ya hipotecada, constituye un gravámen inoficioso, que perjudica inútilmente al propietario, restringiéndole la libre facultad de disponer de su finca, sin provecho para el arrendatario, pero no implica la nulidad del título, ni de la obligación principal en él contenida, á los efectos de impedir su inscripción en el Registro de la Propiedad.

EXPOSICIÓN DEL CASO.

En 23 de Junio de 1897, Don Emilio Montilla otorgó una escritura á favor de Don Pablo Van Syckel y Paul por la que cedió en arrendamiento la hacienda nombrada "Santa Cruz", del término de Bayamón, por la suma mensual de ciento cinco pesos provinciales, siendo condición precisa que mientras el Sr. Van Syckel cumpliera con el pago del arrendamiento mensual, quedaba obligado el Sr. Montilla á respetar el contrato, sin derecho á arrendar á otra persona, ni vender la finca cedida en arrendamiento, so pena de indemnizar los daños y perjuicios que se causaren al arrendatario Sr. Van Syckel.   Por acta notarial de 21 de Octubre siguiente, Don Pablo Van Syckel se obligó á continuar el

## VAN SYCKEL *v.* REGISTRAR OF PROPERTY.
## APPEAL from a judgment rendered by the District Court of San Juan.

No. 1.—Decided December 9, 1899.

UNDUE INCUMBRANCE.—A condition imposed upon the lessor of the property leased for a longer period than six years not to alienate nor mortgage for the second or third time the same property already mortgaged constitutes an undue incumbrance which unnecessarily prejudices the interest of the owner, restraining the exercise of his right to dispose of the property, but does not imply the nullity of the instrument nor the principal obligation therein contained so as to prevent the admission of the same to record in the Registry of Property.

### STATEMENT OF THE CASE.

On the 23rd of June 1897, Emilio Montilla executed an instrument in favor of Pablo Van Syckel y Paul, by which he leased to the latter the property known as "Santa Cruz", situated within the municipal jurisdiction of Bayamón, for the sum of one hundred and five *pesos,* provincial money, per month, one of the stipulated conditions of the contract being that during such time as Van Syckel should pay the monthly rental, Montilla would be bound to respect the contract, and would have no right to lease or sell, to any other person, the property so leased, under penalty of indemnifying the lessee Van Syckel for any damage or loss suffered, through a violation of this provision of the contract by Montilla.

By a notarial act dated the 21st of October following,

contrato de arrendamiento, y á cumplir las obligaciones que en el mismo contrajo, por el plazo de más de 6 años, contados desde la fecha de la celebración, sin que se entendiera que renunciaba al derecho que el mismo contrato le concedía de continuar en el arrendamiento del fundo, vencidos que fueran los 6 años, siempre que continuara pagando el cánon estipulado, y cumpliendo las demás condiciones del mismo contrato.     Presentadas en el Registro de la Propiedad de San Juan la escritura y acta Notarial dichas, para la correspondiente inscripción, fué denegada ésta por no contener el arrendamiento ninguna de las condiciones que establece el párrafo 5 del artículo 2º de la Ley Hipotecaria, y no ser bastante el acta Notarial para subsanar aquél defecto, por no haber intervenido en ella el arrendador, no siendo tampoco inscribible el pacto de no enajenar la finca, suspendiéndose por esos motivos la inscripción, y por no describirse la parte de la finca arrendada, expresándose, además, no ser admisible, tampoco, la anotación preventiva, por no ser subsanable el primero de dichos defectos.     Interpuesto recurso gubernativo contra la anterior resolución del Registrador de la Propiedad, para ante la Corte de Distrito de San Juan, ésta, por resolución de 25 de Noviembre de 1899, declaró ser procedente la inscripción de la escritura de arrendamiento mencionada, ordenando al Registrador que procediera á verificarla, siendo los *dos primeros fundamentos de derecho* de esa resolución, los siguientes :

*Considerando:* que, en la escritura de arrendamiento se compromete el arrendatario á continuar en la finca mientras pague el arrendamiento mensual convenido, sin que pueda el arrendador establecer contratos con persona alguna, ni vender la finca, so pena de quedar obligado á indemnizar los daños y perjuicios que causare al primero.

*Considerando:* que si esto no fuera bastante, en el acta Notarial de que se ha hecho referencia, el Sr. Van Syckel se compromete á continuar el arrendamiento por más de 6 años sin perjuicio de seguir con él siempre que cumpla con el pago del arrendamiento y con las demás condiciones establecidas en dicho contrato.

Contra la anterior resolución interpuso apelación el Regis-

Pablo Van Syckel bound himself to continue the contract of lease and to comply with the obligations which he thereby contracted for a longer term than six years, counting from the date on which the contract was entered, it being understood that he did not waive the right which the contract itself conferred, to continue to lease the property after the expiration of the six years, so long as he should continue to pay the stipulated rental, and to comply with the other conditions contained in the said contract. When the contract of lease and the notarial act aforesaid were presented for record in the office of the Registrar of Property, of San Juan, the admission of the latter to record was denied, because none of the conditions prescribed by paragraph 5 of article 2 of the Mortgage Law were contained in the lease, and the notarial act not being sufficient to correct that defect, because the lessor did not intervene in the execution thereof, the agreement not to alienate the property not being entitled to admission to record; the entry thereof being for these reasons suspended, and because the portion of the property leased was not described, it being further stated that the cautionary notice was not admissible either, because the first of the said defects was incapable of correction. On appeal from the decision of the Registrar of Property to the District Court of San Juan, this Court, by a decision rendered on the 25th of November, 1899, held that the contract of lease above-mentioned was entitled to admission to record, and ordered the Registrar to proceed to record the same, the first two conclusions of law contained in this decision, being as follows:

In the instrument of lease the lessee binds himself to continue renting the property so long as he shall pay the monthly rental agreed upon, the lessor having no right to enter into contracts with any person, nor to sell the property, under the penalty of indemnifying the lessee for any damages or losses that such a violation of the contract might cause the said lessee.

If this were not sufficient, in the notarial act to which reference has been made, Van Syckel binds himself to continue the lease for a longer period that six years, without waiving his right to continue to rent the property so long as he shall pay the rental and comply with the other conditions set out in the said contract.

trador de la Propiedad de San Juan para ante el Presidente del Tribunal Supremo.

El Juez Presidente Sr. Quiñones emitió la siguiente opinión:

Visto el presente recurso gubernativo promovido por Don Pablo Van Syckel contra la negativa del Registrador de la Propiedad de esta Capital á inscribir la escritura de arrendamiento de una finca rústica denominada "Santa Cruz", sita en el término municipal de Bayamón, otorgada á su favor por Don Emilio Montilla, ante el Notario de esta Capital Don Mauricio Guerra Mondragón en 23 de Junio de 1897, y pendiente dicho recurso en esta Presidencia á virtud de la apelación establecida por el Registrador contra la resolución del Tribunal del Distrito de San Juan de 25 de Noviembre último, por la que se declara con lugar la queja interpuesta por Don Pablo Van Syckel contra el Registrador de la Propiedad y se ordena á éste que proceda á la inscripción de la escritura de arrendamiento de que se trata.

Aceptando los fundamentos de hecho y los *dos primeros de derecho* de la resolución apelada.

*Considerando:* que si con arreglo al número 5° del artículo 2° de la Ley Hipotecaria vigente, son inscribibles los contratos de arrendamiento de bienes inmuebles por un período que exceda de seis años, con mayoría de razón deben serlo también cuando por virtud de las condiciones estipuladas en el contrato, quede al arbitrio del arrendatario hacerlo durar por un término que exceda de aquel período, como sucede en el presente caso, en el que se ha estipulado expresamente como condición precisa, que mientras el Sr. Van Syckel cumpla con el pago mensual de la renta establecida, queda obligado el arrendador Sr. Montilla á respetar el contrato, sin derecho á arrendar á otra persona, ni á vender la finca, so pena de incurrir en la indemnización de daños y perjuicios, pues en este caso concurren las mismas razones que tuvo presentes el legislador para conceder al arrendatario aquella garantía en los contratos cuya duración excediese de seis años.

From the foregoing decision, the Registrar of Property of San Juan, appealed to the Chief Justice of the Supreme Court.

MR. CHIEF JUSTICE QUIÑONES delivered the following opinion :

The hearing having been had in the appeal taken by Pablo Van Syckel from the refusal of the Registrar of Property of this City to record the contract of lease, of a rural estate called "Santa Cruz", situated within the municipal jurisdiction of Bayamón, executed in his favor by Emilio Montilla before the Notary of this City, Don Mauricio Guerra Mondragón, on the 23rd day of June, 1897, and the same pending the decision of the Chief Justice in Chambers by virtue of an appeal taken by the Registrar from the decision of the District Court of San Juan rendered on the 25th of November last, sustaining the complaint made by Pablo Van Syckel against the Registrar of Property, and whereby the said Registrar is ordered to proceed to admit the said contract of lease to record :

Accepting the statement of the facts, and the first two conclusions of law contained in the decision appealed from :

If in accordance with paragraph 5 of article 2 of the Mortgage Law in force, contracts leasing real estate, for a longer period than six years, are admissible to record in the Registry of Property, there is more reason why contracts should be admissible to such record which, by virtue of the conditions stipulated therein, make it optional with the lessee to continue the same in force for a longer time than the said period, as occurs in the present case, wherein it has been expressly stipulated as a condition of the contract that so long as Van Syckel shall pay the monthly rental agreed upon the lessor, Montilla, shall be bound to respect the contract, the said Montilla not having any right to lease, or to sell, the property to any other person, under penalty of indemnifying (the lessee) for damages and losses; indeed in this case the same reasons exist, which the legislator had in mind in giving to the lessee that guarantee in contracts,

*Considerando:* que este contrato no puede confundirse con los arrendamientos de un prédio rústico por tiempo indefinido, á que se refiere el artículo 1577 del Código Civil, pues en éstos el arrendamiento se entiende hecho tan solo por el tiempo necesario para la recolección de los frutos que toda la finca diere en un año, ó pueda dar por una vez, aunque pasen dos ó más años para obtenerlos, y verificada la recolección, puede el arrendador dar por terminado el arriendo y reclamar la entrega de su finca, al paso que en el presente contrato el arrendador no puede darlo por terminado en ningún tiempo, mientras el arrendatario le pague la renta convenida, por lo que no es posible confundir ambos contratos á los efectos de su inscripción en el Registro de la Propiedad.

*Considerando:* que esto, no obstante, es realmente un defecto que impide la inscripción de la escritura la falta de descripción de la finca arrendada, puesto que según lo convenido entre los interesados, deben deducirse dé su total perímetro treinta y cinco cuerdas de terreno que tenía el Sr. Montilla arrendadas con anterioridad á Don Rafael G. del Arroyo, y que están situadas á la parte norte de la finca, á la salida de Bayamón, cuya porción de terreno no aparece deslindada; pero que siendo este defecto perfectamente subsanable, puede y debe el Registrador tomar anotación preventiva de suspensión, si lo solicitare el interesado para subsanar el defecto dentro del término que duren los efectos de dicha nota de suspensión.

*Considerando:* respecto de la condición de no enagenar que contiene la escritura, que si bien no es inscribible, como no lo es tampoco la cláusula prohibitiva de hipotecar por segunda ó tercera vez la misma finca hipotecada, por constituir un gravámen inoficioso que perjudica, sin necesidad al propietario, restringiéndole la libre facultad de disponer de la finca cuando le convenga, sin provecho tampoco para el arrendatario que queda suficientemente garantido con la

the duration of which should exceed the term of six years.

This contract cannot be confused with leases of rural property for an indefinite time, to which article 1577 of the Civil Code refers, since in such cases, the lease is understood to be made only for the time necessary to harvest the crops which the whole property may produce in one year, or which it may produce at one time, although two or more years may elapse before they can be gathered, and when the harvest is finished the lessor may terminate the lease and demand the delivery of the property; while in this contract the lessor can never terminate the lease, so long as the lessee shall pay the rental agreed upon; wherefore it is not possible to confuse these two contracts, with respect to their admissibility to record in the Registry of Property.

inscripción de su escritura en el Registro de la Propiedad, para que sea respetado su derecho en todo tiempo, por cualquier comprador de la finca arrendada; como quiera que dicha cláusula no implica la nulidad del título, ni de la obligación principal en él contenida, no constituye un defecto que obste á la inscripción de la escritura en su día, en el Registro de la Propiedad.

*Vistos* los artículos 2º, No. 5; 9, No. 1º; 19; 42, No. 9º; 65; y 66 de la Ley Hipotecaria vigente y la resolución de la Dirección de los Registros de 31 de Diciembre de 1895.

*Se revoca la nota* puesta por el Registrador de la Propiedad al pie de la escritura de arrendamiento de que se trata en el presente recurso gubernativo, ordenándole que tome de ella anotación preventiva de suspensión para la subsanación del defecto que contiene dicha escritura, si lo solicitare el interesado. *En lo conforme se confirma y en lo que nó, se revoca la* resolución apelada del Tribunal del Distrito de San Juan, al que se remitirá copia certificada de la presente providencia para su notificación á los interesados y transcurrido que sean ocho días hábiles á partir desde el de la notificación, remita las diligencias con los escritos que en su caso presenten las partes interesadas.